IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMMY HURD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 07-117 |
| | : |
| DELAWARE STATE UNIVERSITY and DANDESON PANDA, individually and in his official capacity, | : |
| | : |
| Defendants. | : |

## ANSWER TO COMPLAINT
## BY DEFENDANT DELAWARE STATE UNIVERSITY

Delaware State University ("**DSU**"), by its counsel, White and Williams LLP, responds to the Complaint by Tammy Hurd ("**Plaintiff**") as follows:

1. No response to paragraph 1 of the Complaint is required as said paragraph merely states Plaintiff's subjective purpose for filing the Complaint. To the extent a response is deemed required, DSU denies any and all liability to Plaintiff.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

**Parties**

4. DSU is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 of the Complaint is denied.

WILDMS 142529v.1

8. Paragraph 8 of the Complaint is admitted in part and denied in part. Admitted that Plaintiff was at one time enrolled as a student at DSU. Except as expressly admitted herein, paragraph 8 of the Complaint is denied.

9. Paragraph 9 of the Complaint is admitted in part and denied in part. Admitted that Dandeson Panda was at one time employed by DSU and taught courses in which Plaintiff was enrolled. Except as expressly admitted herein, paragraph 9 of the Complaint is denied.

10. Paragraph 10 of the Complaint, including all subparts thereof, is denied.

11. No response to paragraph 11 of the Complaint is required. To the extent a response is deemed required, DSU denies any and all liability to Plaintiff.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied as stated. By way of further response, the letter attached as Exhibit A to the Complaint is a writing that speaks for itself.

14. Paragraph 14 of the Complaint is denied as stated.

15. Paragraph 15 is admitted to the extent that it is consistent with the terms of the writing attached as Exhibit B to the Complaint. Except as specifically admitted herein, paragraph 15 of the Complaint is denied.

16. DSU is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 16 of the Complaint.

17. DSU is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

WILDMS 142529v.1

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

### Count I – Sex Discrimination/Sexual Harassment

23. DSU incorporates each of the foregoing paragraphs of this Answer as if fully set forth herein.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 24 of the Complaint is denied. By way of further response, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* is a writing that speaks for itself.

25. Paragraph 25 of the Complaint states both a legal conclusion to which no response is required and certain factual allegations. To the extent a response is deemed required, paragraph 25 of the Complaint is denied.

### Count II – Racial Discrimination/Racial Harassment

26. DSU incorporates each of the foregoing paragraphs of this Answer as if fully set forth herein.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 27 of the Complaint is denied. By way of further response, Title VI of the Civil Rights Act of 1964 is a writing that speaks for itself.

28. Paragraph 28 of the Complaint states both a legal conclusion to which no response is required and certain factual allegations. To the extent a response is deemed required, paragraph 28 of the Complaint is denied.

WILDMS 142529v.1

## Count III – Violation of Due Process – Section 1983

29.  DSU incorporates each of the foregoing paragraphs of this Answer as if fully set forth herein.

30.  Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required and paragraph 30 of the Complaint implies that DSU violated Plaintiff's rights, paragraph 30 of the Complaint is denied.

31.  Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required and paragraph 31 of the Complaint implies that DSU violated Plaintiff's rights, paragraph 31 of the Complaint is denied. By way of further response, the 14th Amendment to the United States' Constitution is a writing that speaks for itself.

32.  Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required and paragraph 32 of the Complaint implies that DSU violated Plaintiff's rights, paragraph 32 of the Complaint is denied. By way of further response, 42 U.S.C. § 1983 is a writing that speaks for itself.

33.  Paragraph 33 of the Complaint states both a legal conclusion to which no response is required and certain factual allegations. To the extent a response is deemed required, paragraph 33 of the Complaint is denied.

**WHEREFORE**, defendant, Delaware State University, respectfully requests judgment in its favor and against plaintiff, Tammy Hurd, together with all costs, expenses, attorney's fees and any other relief deemed appropriate.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, DSU states as follows:

### First Affirmative Defense

34. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

35. To the extent Plaintiff's Complaint asserts a cause of action for violation of her due process rights, it fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

36. To the extent Plaintiff's Complaint asserts a cause of action for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, it fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

37. To the extent Plaintiff's Complaint asserts a cause of action for violation of the Civil Rights Act of 1964, it fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

38. Plaintiff does not have any property rights in continued education at Delaware State University. Plaintiff does not have any property rights in extracurricular activities at Delaware State University.

### Sixth Affirmative Defense

39. The matter is barred by the 11th Amendment to the United States' Constitution.

### Seventh Affirmative Defense

40. The Plaintiff's claims are barred by the applicable statute of limitations.

**Eighth Affirmative Defense**

41.     The Plaintiff's claims are barred by the doctrine of sovereign immunity.

**Ninth Affirmative Defense**

42.     The Plaintiff's claims are barred by the doctrine of qualified immunity.

**Tenth Affirmative Defense**

43.     The Plaintiff has failed to mitigate her damages, if any.

**Eleventh Affirmative Defense**

44.     The Plaintiff has failed to exhaust available statutory and administrative remedies.

**Twelfth Affirmative Defense**

45.     The imposition of punitive damages against DSU would violate its constitutional rights under the Due Process Clause of the 5th and 14th Amendments to the United States' Constitution, the excessive Fines Clause of the 8th Amendment to the United States' Constitution, the Double Jeopardy Clause of the 5th Amendment to the United States' Constitution, similar provisions in the Delaware Constitution, and/or the common law, statutes, public policy and court rules of the United States and State of Delaware.

Dated: March 27, 2007                                  Respectfully submitted,

                                                       WHITE AND WILLIAMS LLP

                                                       BY: /s/ Marc S. Casarino
                                                       Marc S. Casarino (ID #3613)
                                                       824 N. Market Street, Suite 902
                                                       P.O. Box 709
                                                       Wilmington, DE 19899-0709
                                                       Phone: (302) 467-4520
                                                       Facsimile: (302) 467-4550
                                                       Attorneys for Defendant,
                                                       *Delaware State University*

WILDMS 142529v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMMY HURD, | : |
|       Plaintiff, | : |
| v. | :   C.A. No. 07-117 |
| DELAWARE STATE UNIVERSITY and DANDESON PANDA, individually and in his official capacity, | : |
|       Defendants. | : |

## CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, do hereby certify that on this 27th day of March, 2007, two (2) copies of the foregoing *Answer to Complaint by Defendant Delaware State University* were served upon the following via First Class mail, postage prepaid:

Ronald G. Poliquin, Esquire
Young, Malmberg & Howard, P.A.
30 The Green
Dover, DE 19901

Under penalty of perjury, I declare that the foregoing is true and accurate.

Marc S. Casarino (#3613)

WILDMS 142529v.1