## IN THE DISTRICT COURT OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

TAMMY HURD,                              :
                                         :
     Plaintiff,                        :
                                         :
     v.                                :        C.A. No.: 07-117
                                         :
DELAWARE STATE UNIVERSITY                :
and DANDESON PANDA, individually         :
and in his official capacity,            :
                                         :
     Defendants.                       :

## **DEFENDANT DANDESON PANDA'S MOTION TO DISMISS**

**RICHARD R. WIER, JR., P.A.**


   /s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Two Mill Road - Suite 200
Wilmington, DE 19806
(302)888-3222
Rwier@wierlaw.com

*Attorney for the Defendant*
*Dandeson Panda*

## IN THE DISTRICT COURT OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|                                                        |     |                    |
|--------------------------------------------------------|-----|--------------------|
| TAMMY HURD,                                            | :   |                    |
|                                                        | :   |                    |
|     Plaintiff,                     | :   |                    |
|                                                        | :   |                    |
|     v.                             | :   | C.A. No.: 07-117   |
|                                                        | :   |                    |
| DELAWARE STATE UNIVERSITY                              | :   |                    |
| and DANDESON PANDA, individually                       | :   |                    |
| and in his official capacity,                          | :   |                    |
|                                                        | :   |                    |
|     Defendants.                    | :   |                    |

### <u>MOTION TO DISMISS</u>

NOW COMES, the Defendant, Dr. Dandeson Panda, who moves this Court, pursuant to Fed.R.Civ. Pro. 12 (b)(6), to Dismiss the allegations of liability and punitive damages against him individually under Title IX and Title VI and to dismiss the allegations of hostile work environment under Title IX.

The grounds for this motion are set forth in the Opening Brief which is filed concurrently with, and in support of, this motion.

WHEREFORE, Defendant Dr. Panda prays that this Court grant his motion and issue an Order dismissing the allegations.

RICHARD R. WIER, JR., P.A.

   <u>/s/Richard R. Wier, Jr.</u>
Richard R. Wier, Jr. (#716)
Two Mill Road - Suite 200
Wilmington, DE 19806
(302)888-3222
*Attorney for the Defendant*

# TABLE OF CONTENTS

Table of Citations ................................................................................. ii

Nature and Stage of the Proceeding .................................................. 1

Summary of the Argument ................................................................ 2

Statement of Facts ............................................................................. 3

Argument:

   **I.  The Complaint Fails to State a Claim Under 20 U.S.C. § 1681** ......... 4
      a.    Legal Standard ............................................................... 4
      b.    The Complaint Alleges a Title IX, 20 U.S.C. 1681, Claim
             Against Dr. Dandeson Panda Individually .......................... 4
      c.    There is No Liability of Dr. Panda, Individually, Under
             Title IX .......................................................................... 5

  **II.  The Complaint Fails to State a Claim Against Dr. Panda Under
       Title VI and For Punitive Damages Under Titles VI and IX** ............. 6

 **III.  Conclusion** ................................................................................. 7

i

## TABLE OF CITATIONS

Barnes [v. Gorman, 536 U.S. 181, 122 S.Ct. 2097 (2002)] ................................................. 6

Bostic v. The Smyrna School District, 2003 U.S. Dist. LEXIS 3458 (D.Del. 2003) .......... 2, 5

Bougher v. University of Pittsburgh, 713 F. Supp. 139 (W.D.Pa.), aff'd on other grounds
     882 F.2d. 74 (3rd Cir. 1989) ....................................................................................... 6

Garza v. Galena Park, 914 F.Supp. 1437 (S.D. Tex. 1994) ............................................. 2, 5

Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed. 2d 59, 104 S.Ct. 2229 (1984) ....... 4

Jones v. Gardels, 2003 U.S. Dist. LEXIS 23939 (D.Del. 2003) ......................................... 4

Jordan [v. Fox, Rothschild, O'Brien & Frankel,] 20 F.3d 1250, (3d Cir. 1994 - at 1261) .. 4

Julian v. Raytheon Company, 499 F. Supp. 949 (D.Del. 1980) ......................................... 4

Kinman v. Omaha Public School District, 171 F.3d 607, 611 (8th Cir, 1999) .................... 2, 5

Mercer v. Duke University, 50 Fed. Appx. 643, 2002 U.S. App. LEXIS 23610
     (4th Cir. 2002) ......................................................................................................... 2, 6

Outboard Marine Corp. v. Pexetel, 474 F. Supp. 168 (D.Del. 1979) ................................. 4

Stratechuck v. Board of Ed. South Orange-Maplewood Sch. Dist., 200 Fed. Appx. 91;
     2006 U.S. App. LEXIS 24907 (3d. Cir. 2006) .............................................................. 4

ii

## NATURE AND STAGE OF THE PROCEEDINGS

On March 5, 2007 Plaintiff filed her Complaint.

On April 12, 2007 counsel for the Defendant Dr. Dandesan Panda entered his appearance on behalf of Dr. Panda.

Pursuant to an agreement between counsel for Dr. Panda and counsel for the Plaintiff, Defendant Panda's response to the Complaint is due May 4, 2007.

This is Defendant Panda's initial response to the complaint in the form of a Motion to Dismiss and Opening Brief in support thereof, various claims pursuant to Fed. R.Civ. Pro. 12 (b)(6).

## SUMMARY OF ARGUMENT

1.  Defendant Panda has no individual liability under Title IX or Title VI, he was not a
grant recipient of federal funds, and the complaint against him under those statutes fails to state a
claim, e.g., Bostic v. The Smyrna School District, 2003 U.S.Dist. LEXIS 3458 ( D.Del. 2003),
Kinman v. Omaha Public School District, 171 F. 3d 607, 611 ( 8th Cir. 1999); Mercer v. Duke
University, 50 Fed. Appx. 643, 2002 U.S. App. LEXIS 23610 ( 4TH Cir. 2002); Garza v. Galena
Park, 914 F.Supp. 1437 ( S.D.Tex. 1994).


2.  Because punitive damages are not available under either Title IX or Title VI, Mercer,
supra., and because a hostile environment claim is not cognizable under Title IX, Garza, supra.,
those claims under those theories fail.

-2-

## STATEMENT OF FACTS

The facts which are relevant to this Motion to Dismiss are the allegations of the Complaint under Title IX and Title VI and those allegations are incorporated herein as if fully set forth.

## ARGUMENT

## I. THE COMPLAINT FAILS TO STATE A CLAIM UNDER 20 U.S.C. § 1681.

### A. LEGAL STANDARD

"In reviewing a motion to dismiss for failure to state a claim, 'all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party'..A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed. 2d 59, 104 S.Ct. 2229 ( 1984); Jordan [v. Fox, Rothschild, O'Brien & Frankel,] 20 F.3d 1250, ( 3d Cir. 1994- at 1261'", Jones v.Gardels, 2003 U.S. Dist. LEXIS 23939 ( D. Del. 2003); Julian v. Raytheon Company, 499 F. Supp. 949 ( D.Del. 1980); Outboard Marine Corp. v. Pexetel, 474 F. Supp. 168 ( D.Del. 1979); Stratechuk v. Board of Ed. South Orange-Maplewood Sch. Dist., 200 Fed. Appx. 91; 2006 U.S.App. LEXIS 24907 ( 3d. Cir. 2006).

### B. THE COMPLAINT ALLEGES A TITLE IX , 20 U.S.C. 1681, CLAIM AGAINST DR. DANDESON PANDA INDIVIDUALLY

The Complaint alleges a claim against Dr. Dandeson Panda, a teacher at Delaware State University, Cplt ¶ 9 : " at all times relevant, Defendant Panda was a professor of the Plaintiff and an employee and agent of DSU as a professor of marketing".   The Complaint alleges that Dr. Panda, beginning in September 2004 sexually harassed the Plaintiff who, it is alleged, "was a

-4-

student enrolled at and attending Delaware State University in Dover, Delaware". Cplt ¶¶ 9, 10.

The Complaint also alleges a " hostile education environment concerning race and sex".Cplt. ¶ 22.  The Complaint alleges that the acts of Dr. Panda "constitute unlawful sex discrimination and sexual harassment against Plaintiff in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et. Seq.[sic]." Cplt ¶ 24.


## C.  THERE IS NO LIABILITY OF DR. PANDA, INDIVIDUALLY, UNDER TITLE IX.

This Court has held that there is no cause of action against an individual, such as Dr. Panda, under Title IX.  In Bostic v. The Smyrna School District, 2003 U.S.Dist. LEXIS 3458 ( D.Del. 2003),  Judge Kent A. Jordan dismissed claims against individual employees because: "to the extent the complaint alleges Title IX liability against defendants named as individuals, those claims cannot stand. See Kinman v. Omaha Public School District, 171 F.3d 607, 611 ( 8ᵗʰ Cir. 1999)."

In Kinman, the Eighth Circuit held that a teacher cannot be held liable for a Title IX violation because Title IX  "'prohibits discriminatory acts only by grant recipients '" and noted that because school officials " are not grant recipients, school officials may not be sued in their individual capacity under Title IX" at 611.  " The fact that Title IX was enacted pursuant to Congress's spending power is evidence that it prohibits discriminatory acts only by grant recipients...We conclude that Title IX will not support an action against {the teacher] in her individual capacity", at 611.

In Garza v. Galena Park, 914 F. Supp. 1437 ( S.D. Tex. 1994), the Court held that : " the

Title IX claim must be dismissed against the individual defendants because Title IX claims may not be asserted against individuals", at 1438.

In addition, the claim of a hostile environment under Title IX does not state a cause of action because " a student cannot bring a hostile environment claim under Title IX. <u>Bougher v. University of Pittsburgh,</u> 713 F. Supp. 139 ( W.D.Pa.), aff'd on other grounds 882 F.2d 74 ( 3rd Cir. 1989)", <u>Garza, supra.</u>, 1438.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DR. PANDA UNDER TITLE VI AND FOR PUNITIVE DAMAGES UNDER TITLES VI AND IX.

The Complaint  alleges a cause of action against Dr. Panda under Title VI of the Civil Rights Act of 1964 , 42 U.S.C. § 2000d. Cplt ¶¶ 26-28.   Both Title VI and Title IX prohibit , on the basis of sex ( Title IX) or race ( Title VI), discrimination under "any program or activity receiving Federal financial assistance". The Complaint also alleges a claim for punitive damages, Cplt ¶ 7.

Because Dr. Panda does not have individual liability under Title IX, he also does not have individual liability under Title VI because "it is well established that Title IX...is also modeled after Title VI and is interpreted and applied in the same manner as Title VI", <u>Mercer v. Duke University,</u> 50 Fed. Appx. 643, 2002 U.S. App. LEXIS 23610 ( 4th Cir. 2002).

In addition, punitive damages are not available under either Title VI or Title IX.  The Court in <u>Mercer, supra</u>., held that " the Supreme Court's conclusion in <u>Barnes [ v. Gorman,</u> 536 U.S. 181, 122 S.Ct. 2097 ( 2002)] that punitive damages are not available under Title VI compels the conclusion that punitive damages are not available for private actions brought to enforce Title IX", 644.

-6-

## IV. CONCLUSION

For the foregoing reasons and the authorities which support those reasons, Defendant Dr. Dandeson Panda prays that the Court enter an Order dismissing the Title IX and Title VI claims against him and dismissing any claim for punitive damages thereunder. Accordingly, Defendant Dr. Panda prays that the Court grant his Motion to Dismiss for failure to state a claim.

Respectfully submitted,

RICHARD R. WIER, JR., P.A.

 /s/Richard R. Wier, Jr. 
Richard R. Wier, Jr., Esq.(#716)
Two Mill Road, Suite # 200
Wilmington, DE 19806
(302)888-3222
Attorneys for Defendant Panda

# IN THE DISTRICT COURT OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

TAMMY HURD,                              :
                                        :
      Plaintiff,                   :
                                        :
    v.                                :    C.A. No.: 07-117
                                        :
DELAWARE STATE UNIVERSITY               :
and DANDESON PANDA, individually        :
and in his official capacity,           :
                                        :
      Defendants.                  :

## <u>ORDER</u>

Upon due consideration of the Defendant Dr. Panda's Motion to Dismiss, with supporting brief in support thereof, and upon due consideration of the Plaintiff's response thereto,

IT IS ORDERED this    Day of    2007 that:

1. Defendant Panda's Motion to Dismiss is GRANTED;

2. The causes of action pursuant to Title IX and Title VI against Defendant Panda, individually, including a claim for a hostile environment, are dismissed.

3. The claim for punitive damages under Title IX and Title VI are hereby dismissed.

_____