## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TAMMY HURD,                              :
                                        :
      Plaintiff,                  :
                                        :
           v.                 :    C.A. No. 07-117
                                        :
DELAWARE STATE UNIVERSITY               :
and DANDESON PANDA, individually        :
and in his official capacity,           :
                                        :
      Defendants.                 :


## PLAINTIFF'S ANSWERING BRIEF TO DEFENDANT DANDESON'S
## <u>MOTION TO DISMISS</u>


**YOUNG, MALMBERG & HOWARD, P.A.**

<u>/s/ Ronald G. Poliquin</u>
Ronald G. Poliquin, Esquire
30 The Green
Dover, DE  19901
Supreme Court I.D. 4447
302-672-5600
*Attorney for Plaintiff*

DATED: May 24, 2007

## **TABLE OF CONTENTS**

PAGE

Table of Citations...........................................................................................i

Nature and Stage of Proceedings....................................................................ii

Summary of the Argument...........................................................................2

Statement of Facts.....................................................................................3

Argument.................................................................................................4

I.    Plaintiff concedes that defendant Panda cannot be held personally liable under Title IX and Title VI............................................................................................4

II.    Plaintiff concedes punitive damages are not available under Title IX and Title VI........................................................................................................4

III.    Title IX applies to Hostile Educational Environments...................................4

Conclusion................................................................................................8

## **TABLE OF CITATIONS**

Page No.

Cases:

Amiot v. Kemper Ins. Co., 122 Fed.Appx. 577, 579 (3d Cir.2004)    4

Bostic v. Smyrna School District, et al. 2003 WL 723262 (D. Del.)    4

Davis v. Monroe County Board of Education, 526 U.S. 629 (1999)    4

Garza v. Galena Park Independent School Distict. 914 F. Supp. 1437 (S.D. Tex. 1994) 5

Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998)    4

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993)    4

## NATURE AND STAGE OF PROCEEDINGS

On February 26, 2007, plaintiff Tammy Hurd ("plaintiff") filed this complaint against defendants Delaware State University ("defendant Delaware State") and Dandeson Panda ("defendant Panda"), individually and in his official capacity.

On March 27, 2007, defendant Delaware State filed their answer to the complaint. Defendant Panda filed a Motion to Dismiss on May 4, 2007 in lieu of filing an answer to the complaint.

This is plaintiff Hurd's answer to that motion.

## SUMMARY OF ARGUMENT

1.      Plaintiff concedes that defendant Panda cannot be held personally liable under

Title IX and Title VI

2.      Plaintiff concedes that punitive damages are not available under Title IX and Title

VI

3.      Title IX applies to Hostile Educational Environments. This Court has upheld Title

IX claims against a defendant where "an official of the school district who at a minimum has

authority to institute corrective measures on the district's behalf has actual notice of, and is

deliberately indifferent to the employee's misconduct." Bostic v. Smyrna School District, et al.

2003 WL 723262 (D. Del.) citing  Gebser v. Lago Vista Independent School District ( Gebser ),

524 U.S. 274 (1998), and Davis v. Monroe County Board of Education, 526 U.S. 629 (1999).

2

## STATEMENT OF FACTS

The facts relevant to this Answer are the allegations of the Complaint incorporated as if fully set forth.

3

## ARGUMENT

### I. Plaintiff concedes that defendant Panda cannot be held individually liable under Title IX and Title VI

#### A.    Standard of Review:

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed.Appx. 577, 579 (3d Cir.2004).

#### B.    Plaintiff concedes that defendant Panda cannot be held personally liable under Title IX and Title VI

#### C.    Plaintiff concedes punitive damages are not available under Title IX and Title VI

#### D.    Title IX applies to Hostile Educational Environments

This Court has upheld Title IX claims against a defendant where "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to the employee's misconduct." Bostic v. Smyrna School District, et al. 2003 WL 723262 (D. Del.) citing Gebser v. Lago Vista Independent School District ( Gebser ), 524 U.S. 274 (1998), and Davis v. Monroe County Board of Education, 526 U.S. 629 (1999).

In Davis, the Supreme Court's definition of hostile environment is consistent with the definition found in employment litigation. Under Title IX, the conduct must be sufficiently

4

serious that it adversely affects a student's ability to participate in or benefit from the school's program.

In determining whether harassment is actionable, <u>Davis</u> instructs courts to look at the "constellation of surrounding circumstances, expectations, and relationships" (526 U.S. At 651 (citing <u>Oncale</u> )).

The <u>Davis</u> case further stated when the misconduct occurs during school hours on school grounds, misconduct is taking place "under" an "operation" of the recipient. In these circumstances, the recipient retains substantial control over the context in which the harassment occurs. More importantly, in this setting, the Board exercises significant control over the harasser, for it has disciplinary authority over its students." <u>Id</u>. The <u>Garza</u> court dismissed the claims as it related to student-to-student harassment. <u>Garza v. Galena Park Independent School Distict</u>. 914 F. Supp. 1437 (S.D. Tex. 1994).

Here, the plaintiff informed Mark Farley, Vice President of Human Resources (HR) and Legislative Affairs about defendant Panda's sexual and racial harassment as of January 2005. Hurd was directed by HR to email Dr. Panda about his behavior and tell him his remarks were unacceptable. *Complaint* ¶14. However, Panda never replied to plaintiff's email and the harassment continued. Finally, plaintiff wrote a letter to DSU President Allen Sessoms concerning the continuing sexual and racial harassment she was subject to. *Complaint* ¶13. In addition, she informed Mark Farley, Vice President of Human Resources and Legislative Affairs about the environment. *Complaint* ¶14. Therefore, as of January 2005, the defendant DSU was on notice of Panda's behavior yet took no corrective measures other than direct plaintiff email

5

him about the situation.

First, the Department of Human Resources had actual notice of the conduct as of January 2005. Secondly, HR was deliberately indifferent to the Panda's misconduct as no corrective measures nor investigated the conduct. Finally, HR's action of simply directing plaintiff email the Panda with no follow up investigation amounts to deliberate indifference. In addition, plaintiff was never informed of any action taken against defendant Panda despite her consistent inquiries. *Complaint* ¶18.

Defendant's conduct adversely affected her ability to participate in or benefit from the school's program. Following defendants' acts, plaintiff's education was substantially delayed and she has not been able to complete her second degree at DSU. *Complaint* ¶20. As a result of defendants' actions, plaintiff was ostracized, humiliated, and traumatized. *Complaint* ¶19. Plaintiff was forced to complete courses without the benefit of attending classes and delaying her ability to participate in her university studies.

The plaintiff's complaint alleges sexual and racial harassment by her professor, not another student. Here, Professor Panda harassed the plaintiff in a sexually and racially explicit

6

manner.1

In contrast to <u>Gaza</u>, plaintiff's Hurd's claims derive from defendant DSU and Panda's

acts and not "student-to-student" harassment.

---

1 The complaint as verified by plaintiff asserts in paragraph ten (10):

"Beginning in September 2004 and continuing thereafter, Plaintiff was subject to the following acts by Defendant

Panda:

a. Upon receiving a phone call, asked her if she received a "booty call".

b. Continually inquired about whom she was dating.

c. Remarked that another student had something "big" for her referencing a male penis.

d. Stated that if Plaintiff "hooked up" with him referencing sex, she would scream his name.

e. Stated that Plaintiff would scream his name, "Panda, Panda" while having sex with her boyfriend.

f. Told Plaintiff that a girl like her could get dick anywhere and men are dogs and she could get dick anywhere.

g. That black men such as himself would "put a hurting" to her sexually referencing the size of his penis.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the Court should deny defendant's motion to dismiss plaintiff's Title IX claim.


Respectfully submitted,


**YOUNG, MALMBERG & HOWARD, P.A.**


/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
30 The Green
Dover, DE 19901
Supreme Court I.D. 4447
302-672-5600
*Attorney for Plaintiff*


8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAMMY HURD,                                :

      Plaintiff,                         :

           v.                          :        C.A. No. 07-117

DELAWARE STATE UNIVERSITY          :
and DANDESON PANDA, individually   :
and in his official capacity,            :

      Defendants.                        :

## CERTIFICATE OF SERVICE

I certify that on this 25th day of May 2007, I caused to be served two (2) copies of

Plaintiff's Answering Brief to Defendant Dandeson's Motion to Dismiss on the following

party via United States Mail, postage prepaid:

Richard R. Wier, Jr.
Law Offices of Richard R. Weir, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE 19806

Marc S. Casarino
White & Williams, LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

                    **YOUNG, MALMBERG & HOWARD, P.A.**

                    /s/ Ronald G. Poliquin
                    Ronald G. Poliquin, Esquire
                    30 The Green
                    Dover, DE  19901
                    Supreme Court I.D. 4447
                    302-672-5600
                    *Attorney for Plaintiff*