**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TAMMY HURD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-117-*** |
| | : | |
| DELAWARE STATE UNIVERSITY and | : | |
| DANDESON PANDA, individually and in | : | |
| his official capacity, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**I. Introduction**

Dr. Dandeson Panda ("Panda") is a professor of marketing at Delaware State University ("Delaware State") in Dover, Delaware. Tammy Hurd ("Hurd") alleges that, beginning in September 2004, when she was a student enrolled in his class, Panda sexually harassed her. Moreover, Hurd claims Panda's alleged sexual harassment created a "hostile education environment concerning race and sex."[1] Finally, Hurd contends Panda's actions "constitute[d] unlawful sex discrimination and sexual harassment against plaintiff in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et. seq."[2]

**II. Procedural History**

On February 26, 2007, Hurd filed a complaint against Delaware State and Panda, both individually and in his official capacity. On May 4, 2007, Panda filed a

---

[1] DI. 1 at 4.

[2] *Id.*

motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), in lieu of filing an answer to the complaint.  In his motion, Panda argues that Hurd failed to state a claim upon which relief may be granted because he cannot be individually liable under Title IX, and punitive damages are not available under Title IX.

On May 25, 2007, Hurd filed an answering brief, and conceded therein that Panda cannot be individually liable and that punitive damages are not available under Title IX.  Hurd, however, maintains Panda could still be liable in his *official capacity* under Title IX.  Thus, since the parties agree Panda cannot be individually liable and that punitive damages are unavailable under Title IX, the analysis of this opinion only addresses whether Panda could be liable in his official capacity under Title IX.

### III. Legal Standard

A motion to dismiss is governed by Fed. R. Civ. P. 12(b)(6).[3]  Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.[4]  The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[5]  To that end, a Rule 12(b)(6) motion should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]  The court assumes that all factual allegations in plaintiff's amended complaint are true and draws all reasonable factual inferences in the light most favorable to

---

[3] *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409-10 (3d Cir. 1991) (citing *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir.1989) ("The threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion.")).

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).

[6] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

plaintiff.[7]  However, the court should reject unsupported allegations, "bald assertions,"

or "legal conclusions."[8]

## IV. Analysis

As noted previously, the issue remains whether Panda may be liable in his

official capacity under Title IX.

The distinction between *individual capacity* and *official capacity* is one that is not

found in Title IX.  The Supreme Court, however, has noted:

> Official capacity suits . . . . 'generally represent only another way of
> pleading an action against an entity of which an officer is an agent.'. . . As
> long as the government entity receives notice and an opportunity to
> respond, an official capacity suit is, in all respects other than name, to be
> treated as a suit against the entity. . . . It is not a suit against the official
> personally, for the real party in interest is the entity.[9]

Moreover, courts have allowed Title IX suits to proceed against individuals in

their official capacity.[10]  In *Mann v. Univ. of Cincinnati*, the defendant was also a

professor at a state university who was alleged to have sexually harassed one of his

students.[11]  There, the defendant filed a motion for summary judgment under Fed. R.

Civ. P. 56(c) on the basis that no genuine issue of material fact existed for trial because

suit could not be brought against an individual in his official capacity under Title IX.[12]

The *Mann* court denied the motion for summary judgment.

---

[7] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[8] *Id.* (citations omitted).

[9] *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[10] *See Mann v. Univ. of Cincinnati*, 864 F.Supp. 44, 47 (S.D. Ohio 1994).

[11] *Id.* at 45.

[12] *Id. at 46.*

In reaching its conclusion, the *Mann* court primarily relied on the Supreme Court's decision in *Franklin v. Gwinnett Co. Public Schools*, 503 U.S. 60 (1992).  In *Franklin*, a female high school student brought suit under Title IX against the school and one of its officials for allegedly failing to act against a teacher who allegedly sexually harassed her.[13]  The Court, without elaborating further on the point, allowed suit to proceed against the individual in his official capacity.[14]  Relying on this decision, the *Mann* court found that permitting an action against an individual in his official capacity fulfills the mandate to give Title IX "a sweep as broad as its language."[15] Moreover, this court is not aware of any case on point which finds that a university official cannot be held liable in his official capacity.  Therefore, although he is not personally liable, the action is properly brought against Panda in his official capacity.

## V. Conclusion

_____Whether the action may be brought against defendant Panda in his official capacity is a question of law for this Court to decide; however, whether defendant Panda is in fact liable in that capacity is a question of material fact for a jury to decide. Panda's motion to dismiss (D.I. 8) is GRANTED in part and DENIED in part.  As a result, Hurd's action against Panda in his individual capacity and demand for punitive damages are DISMISSED.


Dated:  1/28/2008_____ /s/ Mary Pat Thynge_____
_____UNITED STATES MAGISTRATE JUDGE

---

[13] 503 U.S. at 60.

[14] *Id*.

[15] *United States v. Price*, 383 U.S. 787, 801 (1966).