# United States District Court

DISTRICT OF DELAWARE

Tammy Hurd, Plaintiff
v.
Delaware State University and
Dandeson Panda, individually and in his
official capacity, Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 07-CV-117

TO:   Records Custodian
      Dover Downs
      1131 N. DuPont Highway
      Dover, DE 19901

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: Copies of the entire personnel file, including, but not limited to, all disciplinary actions, complaints, sexual harassment allegations and/or other documents referencing plaintiff, Tammy Hurd f/k/a Tammy Kent or Tammy Soderquist, Social Security No. ■■■

**PLEASE NOTE:** *Personal appearance has been waived if the requested records and affidavit of substitute compliance are received in this office prior to the date of the scheduled deposition.*

| PLACE | DATE AND TIME |
| --- | --- |
| WHITE AND WILLIAMS, LLP<br>824 MARKET STREET, SUITE 902<br>P.O. BOX 709<br>WILMINGTON, DELAWARE 19899 | Monday, February 4, 2008 at 10:00 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Federal Rules of Civil Procedure 30(b)(6).*

| REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER |
| --- |
| Marc S. Casarino, Esquire # 3613<br>WHITE AND WILLIAMS LLP<br>824 MARKET STREET, SUITE 902<br>P.O. BOX 709<br>WILMINGTON, DELAWARE 19899<br>(302)-654-0424 |

\* Please forward records directly to Suzanne Randall, at the above address.
   Please call Suzanne Randall at 302-467-4505 with any questions about this subpoena.

| Marc S. Casarino *(signature)*<br>Attorney for Defendant, Delaware State University | Date: 1/21/08 |
| --- | --- |

PHLDMS1 3877268v.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/08 | 1131 N. DUPONT HWY.  DOVER, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DOVER DOWNS | ACCEPTED BY   DEANNA WINDER |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| GRANVILLE MORRIS | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/22/08
             DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.