# White and Williams LLP



824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

*Marc S. Casarino*
*Direct Dial: 302.467.4520*
*Direct Fax: 302.467.4550*
*casarinom@whiteandwilliams.com*

April 2, 2008

**VIA E-FILING AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      **RE: Tammy Hurd v. Delaware State University, et al.**
      **C. A. No. 07-117**

Dear Judge Thynge:

     Defendant, Delaware State University, ("DSU"), by and through its counsel, White and Williams LLP, pursuant to F.R.C.P. 45(e), seeks an Order holding Dippold Marble and Granite ("Dippold"), a non-party to this litigation, in contempt for failure to obey a subpoena. We respectfully request that Your Honor inform the parties whether the Court would like to hold a telephone conference as to this issue or would prefer a formal motion. The discovery deadline for this case is April 30, 2008.

     The following is a brief synopsis of what has occurred to date:

     By subpoena pursuant to F.R.C.P. 30(b)(6) dated January 21, 2008 to Dippold, DSU sought the production of documents by Dippold, to wit:

        Copies of the entire personnel file, including, but not limited to, all disciplinary actions, complaints, sexual harassment allegations and/or other documents referencing plaintiff, Tammy Hurd f/k/a Tammy Kent or Tammy Soderquist, Social Security No ▮▮▮▮▮▮.

*See* Subpoena, attached hereto as Exhibit A. Said subpoena was duly served upon Dippold on January 22, 2008. *See* Affidavit of Service, attached hereto as Exhibit B.

     The discovery DSU seeks by its subpoena is necessary for its defense. Plaintiff's Complaint alleges that while she was a student at DSU, she was subjected to sexual discrimination and harassment, racial discrimination and harassment, and that her Fourteenth Amendment due process rights were violated. Dippold is and/or was Plaintiff's employer. It is

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ*
*New York, NY • Paramus, NJ • Philadelphia, PA • Pittsburgh, PA*

The Honorable Mary Pat Thynge
April 2, 2008
Page 2

imperative to DSU's defense to determine whether Dippold's personnel file for Plaintiff contains any disciplinary actions, complaints, sexual harassment allegations, or other relevant documents.

Counsel for DSU has on repeated occasions attempted to communicate both by telephone and letter with counsel for Dippold to request Dippold's documents. *See* Letter dated February 29, 2008 from a paralegal at White and Williams LLP to the Records Custodian at Dippold, attached hereto as Exhibit C.

After receipt of the February 29, 2008 letter, Dippold stated its willingness to comply with the subpoena and agreed to produce responsive documents. On or about March 7, 2008, in a telephone conversation with DSU's counsel, Megan, an employee of Dippold, stated that she would send the requested records shortly. However, since that initial indication of compliance, Dippold has failed to respond to DSU's subpoena and has not provided the documents called for by the subpoena.

Dippold has never made any objection or motion in connection with the subpoena.

Based on Dippold's conduct in failing without adequate excuse to respond to the subpoena, DSU seeks an Order holding Dippold in contempt and requiring Dippold's immediate compliance with the subpoena. Federal Rule of Civil Procedure 45(e) provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." In the present case, Dippold has consistently failed to comply with the duly served subpoena. DSU has repeatedly requested documents that Dippold can easily and efficiently produce by conducting a search for records of Plaintiff, their employee, either by Plaintiff's name or by her social security number. However, Dippold has failed to respond and by inaction and passivity has attempted to avoid compliance with the subpoena.

Therefore, DSU moves the Court to enter an Order (a) holding Dippold in contempt; (b) requiring Dippold promptly to provide the discovery sought by the subpoena, (c) requiring Dippold to pay DSU its costs in connection with this motion; and (d) granting such other and further relief as the Court deems just.

I am available should the Court have any questions.

Respectfully yours,

WHITE AND WILLIAMS LLP

By:

Marc S. Casarino

The Honorable Mary Pat Thynge
April 2, 2008
Page 3


MSC:jhb
Enclosures

cc:    Ronald G. Poliquin, Esquire (w/enc.)
       Richard R. Wier, Jr., Esquire (w/enc.)

# EXHIBIT A

# United States District Court

DISTRICT OF
DELAWARE

Tammy Hurd, Plaintiff

v.

Delaware State University and
Dandeson Panda, individually and in his
official capacity, Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 07-CV-117

TO:    Records Custodian
       Dippold Marble and Granite
       314 Bay West Blvd.
       New Castle, DE  19720-5195

☐    **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **Copies of the entire personnel file, including, but not limited to, all disciplinary actions, complaints, sexual harassment allegations and/or other documents referencing plaintiff, Tammy Hurd f/k/a Tammy Kent or Tammy Soderquist, Social Security No.** ▄▄▄▄▄▄

*PLEASE NOTE: Personal appearance has been waived if the requested records and affidavit of substitute compliance are received in this office prior to the date of the scheduled deposition.*

| PLACE | DATE AND TIME |
|---|---|
| **WHITE AND WILLIAMS, LLP**<br>**824 MARKET STREET, SUITE 902**<br>**P.O. BOX 709**<br>**WILMINGTON, DELAWARE 19899** | **Monday, February 4, 2008 at 10:00 a.m.** |

☐    **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Federal Rules of Civil Procedure 30(b)(6).*

| REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| **Marc S. Casarino, Esquire # 3613**<br>**WHITE AND WILLIAMS LLP**<br>**824 MARKET STREET, SUITE 902**<br>**P.O. BOX 709**<br>**WILMINGTON, DELAWARE 19899**<br>**(302)-654-0424**<br><br>* *Please forward records directly to Suzanne Randall, at the above address.*<br>  *Please call Suzanne Randall at 302-467-4505 with any questions about this subpoena.* |

| Marc S. Casarino<br>*[signature]*<br>Attorney for Defendant, Delaware State University | Date: 1/21/08 |
|---|---|

PHLDMS1 3877153v.1

# EXHIBIT B

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/08 | 314 BAY WEST BLVD.  NEW CASTLE, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
|---|---|---|
| DIPPOLD MARBLE & GRANITE | ACCEPTED BY | LEFT WITH PERSON IN CHARGE OF OFFICE WHO REFUSED TO ID HIMSELF |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| KEVIN S. DUNN | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/22/08___
           DATE

_____
SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copymaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iiI) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

# EXHIBIT C

# White and Williams LLP

**WW**

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

Suzanne N. Randall
Paralegal
Direct Dial: 302.467.4505
Direct Fax: 302.467.4545
randalls@whiteandwilliams.com

February 29, 2008

Records Custodian
Dippold Marble and Granite
314 Bay West Blvd.
New Castle, DE 19720-5195

> **RE:  Tammy Hurd v. Delaware State University, et al.**
> **C.A. No. 07-117**

Dear Sir or Madam:

    A subpoena for certain records pertaining to the above-named Plaintiff was issued by our office and served on you at least 14 days ago.

    In connection with this subpoena, 45 CFR §164.512(e)(1)(iii) of the Health Insurance Portability and Accountability Act (HIPAA) requires that we provide you with "satisfactory assurances" in the form of a "written notice", along with "accompanying documentation" of our good-faith attempt to provide written notice to the Plaintiff, containing information sufficient about the litigation to permit the Plaintiff to raise any objection to the request, and we must demonstrate that the time to object to the request has passed. Delaware Superior Court Civil Rule 45(c)(2)(B) allows 14 days from the date this subpoena is served for any objection to be made.

    In compliance with HIPAA's "satisfactory assurances" requirement, we submit to you the following supporting materials:

1. This letter (constituting written notice);
2. A copy of the Notice of Records Deposition served on the Plaintiff's attorney (fulfilling requirements of advance notice and sufficient information about the litigation);
3. A copy of the related subpoena served on the Plaintiff's attorney contemporaneously with the Notice of Records Deposition (satisfying requirements for accompanying documentation); and
4. A copy of the Proof of Service of the Subpoena (proof that the time to object has expired without objection.)

Allentown, PA • Berwyni, PA • Philadelphia, PA • Pittsburgh, PA
New York, NY • Paramus, NJ • Westmont, NJ • Wilmington, DE

Records Custodian
February 29, 2008
Page 2


Having met all elements of the "satisfactory assurances" requirement under HIPAA, we ask that you forward the requested records to our attention in a timely manner in compliance with the subpoena.

If you have any questions regarding this letter, please call me at (302) 467-4505.

Very truly yours,

WHITE AND WILLIAMS LLP

Suzanne N. Randall
Paralegal


SNR/snr
Enclosures:    1.      Copy of Notice of Records Deposition
                2.      Copy of Subpoena to Records Custodian
                3.      Copy of Proof of Service of Subpoena.

cc: Marc S. Casarino, Esquire