IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAMMY HURD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-117-MPT |
| v. | : | |
| | : | |
| DELAWARE STATE UNIVERSITY | : | |
| and DANDESON PANDA, individually | : | |
| and in his official capacity, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANT DANDESON PANDA, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY'S REPLY BRIEF IN SUPPORT OF HIS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Respectfully submitted,

 <u>/s/ Richard R. Wier, Jr.</u>
Richard R. Wier, Jr. (#716)
Michele D. Allen (#4359)
Richard R. Wier, Jr., P.A.
Two Mill Road
Suite 200
Wilmington, DE 19806
(302) 888-3222
*Attorney for Defendant Dandeson Panda*

DATE: July 4, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................... ii

I.   INTRODUCTION ................................................... 1

II.  SUMMARY OF ARGUMENT ........................................ 1

III. ARGUMENT ....................................................... 2

    A.    Dr. Panda Is Entitled to Judgment As A Matter Of Law On Plaintiff's Claim For a Violation of Title IX, 20 U.S.C § 1681 Because The Only Claim Remaining Against Dr. Panda On This Count Is Against Him In His Official Capacity Which Must Be Dismissed Because It Is Tantamount To A Claim Against DSU. ............................................................ 2

    B.    Dr. Panda Is Entitled To Judgment As A Matter Of Law On Plaintiff's Presumed Claim Under 42 U.S.C.S § 2000d of Title VI of the Civil Rights Act of (1964) Because All Material Facts Have Been Presented And There Is No Genuine Issue As To Any Material Fact And Therefore Plaintiff Has Failed To Make Out A *Prima Facie* Case Of Racial Discrimination. .............. 6

    C.    Dr. Panda Is Entitled To Judgment As A Matter Of Law On Plaintiff's Claim Under 42 U.S.C § 1983 Because Is Subsumed In Title IX. ................. 7

    D.    Plaintiff's Section 1983 Claim For Violation Of Title VI Must Be Dismissed Because Plaintiff Has Failed To Allege Any Factual Basis To Support That Claim. Are Barred By The 11th Amendment ................................ 8

        1.    Plaintiff's Substantive Due Process Rights Were Not Violated.. ....... 8

        2.    Plaintiff's Procedural Due Process Rights Were Not Violated. ....... 9

V.   CONCLUSION .................................................... 10

**TABLE OF CITATIONS**

**CASES**

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) .......................................... 4

*Arnold Pontiac-GMC v. Budd Baer, Inc.,* 826 F.2d 1335, 1339) (3d Cir. 1987) .............. 4

*Blackburn v. United Parcel Serv., Inc.* 179 F.3d 81, 95 (3d Cir. 1999). .................... 4

*Cleveland v. Policy Managment Sys. Corp.,* 526 U.S. 795, 806-07 (1999) .....................

*Franklin v. Gwinnett Co. Public Schools,* 503 U.S. 60 (1992) ............................. 2,3

*Johnson v. Galen Health Institutes, Inc.,* 267 F. Supp.2d 679 (W.D. Ky. 2003) .................. 6

*Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ........................................ 3

*Laymon v. Lobby House, Inc.,* 2008 WL 1733354 (D. Del.) ................................ 4

*Mann v.Univ. Of Cincinnati,* 846 F. Supp. 44, 47 (S.S. Ohio 1994) ........................ 2,3

*Marathon Ashland Petroleum, LLC v. Intern. Broth of Teamsters,* 300 F.3d 945, 951 (8th Cir. 2002); ................................................................................ 4

*Martin v. Merrell Dow Pharms, Inc.,* 851 F.2d 703, 706 (3d Cir. 1988) .................... 5

*Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1 (1981) .. 7,8

*O'Hara v. Colonial School District*, 2002 U.S. LEXIS 12153 ................................ 8

*Petrone v. Cleveland,* 993 F. Supp. 1119 (6th Cir. 2000) ................................ 6

*Pfeiffer v. Marion Center Area School District,* 917 F.2d 779, 789 (3d Cir. 1990) ................ 8

*Preiser v. Rodriguez,* 411 U.S. 475 (1973) ................................................ 8

*Sosa v. Chertoff,* 2008 WL 800691, *3 (D.N.J. March 21, 2008)) ........................ 4

*Williams v. Sch. Dist. Of Bethlehem,* 998 F.2d 168, 176 (3d Cir. 1993) .................... 8

**STATUTES**

**20 U.S.C § 1681** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1-6**

**42 U.S.C § 1983.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

**42 U.S.C.S § 2000d** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1,6-7**

**I.    INTRODUCTION**

On May 30, 2008, Dr. Dandeson Panda filed a Motion for Summary Judgment and an Opening Brief in support of his position.  Plaintiff requested and received an extension to file an Answering Brief until June 23, 2008.  Plaintiff did not file a response to Dr. Panda's Motion for Summary Judgment until the evening of June 26, 2008.   This is Dr. Panda's Reply to Plaintiff's Answering Brief.

**II.    SUMMARY OF ARGUMENT**

1.    The claim against Dr. Panda in his official capacity under 20 U.S.C § 1681 *et. Seq* Title IX should be dismissed.  Title IX was clearly established to control recipients of federal funding through liability if they permit discrimination on the basis sex.  It has already been decided and it is undisputed that Title IX does not allow for individual liability.  Therefore, allowing the instant case to proceed against Dr. Panda in his official capacity would be duplicitaive and is tantamount to a case against DSU, the recipient of the federal funds that the statute intended the law to apply.   Furthermore, all material facts have been presented and there is no genuine issue for trial since Plaintiff has failed to support her claim for violation of 20 U.S.C § 1681 *et. Seq* Title IX .  Therefore, Dr. Panda is entitled to Summary Judgment in his official capacity.

2.    Dr. Panda is entitled to judgment as a matter of law on Plaintiff's claim under 42 U.S.C.S § 2000d of Title VI of the Civil Rights Act of (1964), because all material facts have been presented and there is no genuine issue for trial.  Plaintiff has failed to make out a *prima facie* case of racial discrimination.  Furthermore, the claim must be dismissed against Dr. Panda as Title VI does not impose any individual liability on him and he has no liability on any

official capacity claim, because it is tantamount to a claim against DSU.

3.      Plaintiff's claim under 42 U.S.C. § 1983 is subsumed within her Title IX claim and, therefore, must be dismissed.

4.      Dr. Panda is entitled to Judgment as a matter of law on Plaintiff's claim under 42 U.S.C. § 1983, because all material facts have been presented and there is no genuine issue for trial since Plaintiff has failed to establish any denial of her due process rights.

### III.    ARGUMENT

**A.      Dr. Panda Is Entitled to Judgment As A Matter Of Law On Plaintiff's Claim For a Violation of Title IX, 20 U.S.C § 1681 Because The Only Claim Remaining Against Dr. Panda On This Count Is Against Him In His Official Capacity Which Must Be Dismissed Because It Is Tantamount To A Claim Against DSU.**

The claim against Dr. Panda in his official capacity under Title IX should be dismissed.  Title IX was clearly established to control recipients of federal funding through liability if they permit discrimination on the basis sex.  It has already been decided and it is undisputed that Title IX does not allow for individual liability.  Therefore, allowing the instant case to proceed against Dr. Panda in his individual capacity would be duplicitaive and is tantamount to a case against DSU, the recipient of the federal funds that the statute intended the law to apply.

The rationale and logic behind dismissing Dr. Panda in his official capacity outweighs the limited authority and rational behind allowing the claim to proceed against Dr. Panda in his official capacity.  Plaintiff as well as the Court in its Memorandum Opinion on January 28, 2008, cite to *Mann v. Univ. of Cincinnati,* 864 F. Supp. 44, 47 (S.S. Ohio 1994) and *Franklin v. Gwinnett Co. Public Schools,* 503 U.S. 60 (1992) for the proposition that the Title IX claim may

proceed against Dr. Panda in his official capacity. Both in *Mann,* and *Franklin,* the Courts allowed the claims to proceed against the employees in their official capacities without explanation. However, the rationale for dismissing suits against individuals in their official capacities is well established. As this Court cited in its Memorandum Opinion,

> "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'. . . As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. . .It is not a suit against the official personally, for the real party in interest is the entity."

Memorandum Opinion, January 28, 2008 citing *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). Therefore, allowing the two claims to proceed is duplicitative and could be confusing and misleading to a jury. Although the claim may technically proceed against Dr. Panda in his official capacity that claim already exist and is being defended by DSU. In determinating whether or not there was a violation of Title IX the Court must directly analysis the conduct and the actions taken by DSU and determine whether there was actual notice and whether they acted with deliberate indifference to Plaintiff's complaint. Therefore, simply because the Supreme Court in *Franklin,* failed to directly hold that Title IX only applied to institutions, Dr. Panda should not be forced to continue to defend a claim to which he has no liability.

        **1.    Plaintiff Was Not Subjected to A Hostile Educational Environment.**

Plaintiff in an attempt to prove that she was subjected to a Hostile Education Environment merely relies upon the alleged statements made by Dr. Panda in her Complaint. Plaintiff fails to cite any authority or case which is analogous to hers for the proposition that the alleged comments made by Dr. Panda were pervasive and regular. Plaintiff failed to address or distinguish any of the cases cited by Dr. Panda in his Opening Brief to show that the alleged comments were not severe

3

or pervasive in nature to create a hostile educational environment. "'The very mission of the summary judgement procedure is to pierce the pleadings and to assess *the proof* in order to see whether there is a genuine need for trial'" (emphasis added)   *Laymon v. Lobby House, Inc.,* 2008 WL 1733354 (D. Del.) (*citing Sosa v. Chertoff,* 2008 WL 800691, *3 (D.N.J. March 21, 2008)) (citations omitted)., FN 44, (*quoting* the Advisory Committee Notes to the changes made to Rule 56 in 1963). Once the moving party meets their burden, the non-moving party "may not rest upon the mere allegations or denials of his pleading." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

      In an effort to support her claim Plaintiff improperly relies upon inadmissible hearsay and new allegations in her sham affidavit to support her contention that she was detrimentally affected. The Court, however, should not consider these alleged statements as they are inadmissible. On a motion for summary judgment, the evidence is limited to that which would be admissible at trial. *Blackburn v. United Parcel Serv., Inc.* 179 F.3d 81, 95 (3d Cir. 1999). "Summary Judgment of course, looks only to admissible evidence." (*citing Arnold Pontiac-GMC v. Budd Baer, Inc.,* 826 F.2d 1335, 1339) (3d Cir. 1987). "Hearsay statements that are inadmissible at trial should not be considered when determining whether Plaintiff has established a triable issue of fact."*Laymon,* 2008 WL 1733354.

      Plaintiff's sham affidavit now attempts to establish that there was a hostile environment of sexual harassment. However, Plaintiff's sham affidavit should not be considered. "It is well-established that 'parties to summary judgment cannot create sham issues of fact in an effort to defeat summary judgment' and that 'a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed

before.'" *Marathon Ashland Petroleum, LLC v. Intern. Broth of Teamsters,* 300 F.3d 945, 951 (8th Cir. 2002); *see also Cleveland v. Policy Managment Sys. Corp.,* 526 U.S. 795, 806-07 (1999)(recognizing that courts have with "virtual unanimity" adopted the sham affidavit doctrine); *Martin v. Merrell Dow Pharms, Inc.,* 851 F.2d 703, 706 (3d Cir. 1988) (endorsing the sham affidavit doctrine).

Plaintiff is now attempting to create an issue of fact by making numerous inconsistent sworn statements about, among other things, the degree to which she felt humiliated and upset, the number of classes she missed and the number of times that Dr. Panda allegedly made comments to her. This Court should not allow Plaintiff to rely upon this affidavit to now support her claim because it is contradictory to her original statement and cannot now reasonably be believed and, therefore, the Court should reject her affidavit.

Additionally, Plaintiff improperly relies upon the alleged statements from prior students of Dr. Panda to support her contention that other people in her position would have also been detrimentally affected. As stated, *supra,* these statements are inadmissible hearsay and, therefore, must not be considered in a motion for summary judgment. Moreover, the inadmissible alleged actions referred to by Plaintiff are not similar and are completely distinguishable from the comments she alleges Dr. Panda made to her. Most distinguishable is Plaintiff has never alleged any physical contact. Plaintiff has failed to provide an example of a person in her similarly alleged position and should not be able to rely upon inadmissible hearsay to support her claim. Therefore, Plaintiff has failed to provide any support, evidence or authority, other than relying on her initial pleadings, to show that there was a hostile educational environment.

Even considering the facts in Plaintiff's sham affidavit she has still failed to establish that

5

Dr. Panda's alleged comments created a hostile environment, in light of the fact that she completed one degree and only has one class remaining to achieve her second degree. *See Petrone v. Cleveland,* 993 F. Supp. 1119 (6th Cir. 2000) and *Johnson v. Galen Health* Institute, Inc., 267 F.Supp. 2d 679 (W.D. Ky. 2003) (finding that the Plaintiffs in those cases failed to show a hostile environment in part because they successfully completed their program or classes). For all the foregoing reasons, Plaintiff has clearly failed to establish that Dr. Panda's alleged comments were so severe and pervasive and detrimentally affected her so as to create a hostile educational environment.

Moreover, Plaintiff has additionally failed to show that she provided actual notice of the alleged harassment and that DSU acted with deliberate indifference. Dr. Panda specifically relies upon the arguments set forth in DSU's Reply Brief and incorporates them by reference herein. Plaintiff has failed to make out a *prima facie* case that Defendants violated her rights under Title IX and, therefore, as a matter of law, Dr. Panda is entitled to summary judgment.

> B    Dr. Panda Is Entitled To Judgment As A Matter Of Law On Plaintiff's Presumed Claim Under 42 U.S.C.S § 2000d of Title VI of the Civil Rights Act of (1964) Because All Material Facts Have Been Presented And There Is No Genuine Issue As To Any Material Fact And, Therefore, Plaintiff Has Failed To Make Out A *Prima Facie* Case Of Racial Discrimination.

For the reasons stated, *supra,* the claim against Dr. Panda under Title VI against him in his official capacity should also be dismissed. Assuming *arguendo* that the Court continues the case against Dr. Panda in his official capacity it must still fail. Plaintiff again solely relies upon the reiteration of her initial pleadings to establish a racially hostile educational environment. As stated, in Dr. Panda's Opening Brief Plaintiff must cite to more than mere reference to race to support a racially hostile education environment.

Moreover, Plaintiff fails to address her statement in her deposition that Dr. Panda did not racially discriminate against her and she did not recall him making any racial remarks. *Hurd Depo.* at 39, 117-118. Plaintiff's failure to address this comment and again rely upon her initial pleadings fails to meet her burden for summary judgment as stated, *supra*. Moreover, Plaintiff has failed to address or rebut that there was no adverse action taken against her by DSU because she admitted in her deposition that DSU made arrangements for her to complete her remaining classes and obtain her degree in Marketing. *Hurd Depo* at 82, 101. She further admitted that she had not made any attempts to contact DSU to make arrangements to complete her second degree in Marketing. *Id* at 101. As stated, *supra,* Plaintiff's failure to address this evidence with more than a mere reiteration of her initial pleadings and a brief unsupported statement, "that she (Hurd) was forced to leave the campus", which in contradicted by her own admissions is not enough to meet her burden to defeat summary judgment. Therefore, Dr. Panda is entitled to Judgment as a matter of law because Plaintiff has failed to provide a scintilla of evidence that would allow a reasonable jury to conclude that her rights under Title VI were violated.

  **C.**  **Dr. Panda Is Entitled To Judgment As A Matter Of Law On Plaintiff's Claim Under 42 U.S.C § 1983 Because It Is Subsumed In Title IX.**

Plaintiff, incorrectly states in her Answering Brief that Dr. Panda failed to address Plaintiff's claim under Section 1983 in both his official and individual capacity as it was specifically briefed in Dr. Panda's Opening Brief at pages 15-17. Plaintiff's Section 1983 is subsumed in her Title IX claim.

Plaintiff's claim under 42 U.S.C. §1983 must be dismissed as the Supreme Court in *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1 (1981)

has held that "when remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983" *Nat'l Sea Clammers Association,* 453 U.S. at 20.  The Third Circuit has held that the *Sea Clammers* doctrine applies to lawsuits alleging claims under both Title IX and § 1983.  *Williams v. Sch. Dist. Of Bethlehem,* 998 F.2d 168, 176 (3d Cir. 1993); *Pfeiffer v. Marion Center Area School District,* 917 F.2d 779, 789 (3d Cir. 1990).  The *Sea Clammers* doctrine holds that Congress may provide that a statute does not allow for § 1983 remedies either explicitly or by creating a comprehensive statutory enforcement scheme that intends to foreclose the § 1983 remedies.  *See generally Preiser v. Rodriguez,* 411 U.S. 475 (1973).  Therefore, Plaintiff's §1983 claim is subsumed by Title IX because the Courts have determined that Title IX is the exclusive remedy for redressing sexual discrimination in public schools*. O'Hara v. Colonial School District*, 2002 U.S. LEXIS 12153 citing *Pfeiffer,* 917 F.2d at 789 (affirming the dismissal of plaintiff's constitutional claims against a school district and individual Defendants because they were "subsumed" by Title IX).

      Plaintiff has failed to cite any authority to refute the holding and proposition stated *supra*. The fact that Dr. Panda's counsel has previously represented a Plaintiff and alleged Title IX and section 1983 is irrelevant, as the cases are completely distinguishable.  Therefore, it is clear that Dr. Panda is entitled to judgment as a matter of law on any Section 1983 claim.

    **D.**    **Plaintiff's Section 1983 Claim For Violation Of Title VI Must Be Dismissed Because Plaintiff Has Failed To Allege Any Factual Basis To Support That Claim.**

        **1.**    **Plaintiff's Substantive Due Process Right Was Not Violated.**

Plaintiff's claim for violation of her due process rights must fail as she has failed to

8

establish any facts to support her allegations. Plaintiff states in her Answering Brief on page 36 that she "has been unable to complete her last remaining class to earn her second degree at least partially due to Panda's acts. . ." However, Plaintiff fails to support that statement with any citation to the record. The reason Plaintiff did not cite to the record is because her statements in her deposition directly contradict that statement. Plaintiff admits that she stopped attending DSU in or about February of 2005, while she was in the middle of a semester. *Hurd Depo.* at 81,82. She had between three to five classes to complete. Plaintiff completed those classes through other teachers at DSU. *Id.* at 82, 101. Plaintiff admits that she only needs to complete one more class to obtain her second degree in Marketing. *Id.* She further admits that Mr. Farley told her, when she was ready, to contact him. *Id.* To date, Plaintiff has made no effort to contact Mr. Farley to make arrangements to take the class. *Id.*

### 2. Plaintiff's Procedural Due Process Rights Were Not Violated.

Plaintiff has failed to refute or argue how or why her procedural due process rights were violated. Therefore, Dr. Panda relies upon the undisputed arguments cited in his Opening Brief.

## V. CONCLUSION

For the aforementioned reasons, Dr. Panda, respectfully requests that Judgment as a matter of law be entered in his favor and against Plaintiff on all claims.

                                                      Respectfully submitted,

                                                /s/ *Richard R. Wier, Jr.*
                                                Richard R. Wier, Jr. ( #716)
                                                Michele D. Allen (#4359)
                                                Two Mill Road, Suite 200
                                                Wilmington, DE 19806
                                                Rwier@wierlaw.com
                                                302.888.3222
                                                Attorneys for Defendants

Dated: July 4, 2008